[Wertheimer, et al. v. Sig. and Sol. Freiberg.]

# Wertheimer, *et al. v.* Sig. and Sol. Freiberg.

*Creditor's Bill to Set Aside a Fraudulent Conveyance.*

(Decided February 1, 1912.   57 South. 708.)

*Fraudulent Conveyance; Bona Fide Debt; Payment.*—Where a debtor although in failing circumstances owes another a bona fide debt, a conveyance of real property by the debtor to his creditor for an adequate consideration in payment of the debt, is not fraudulent as against his other creditors, if there is no reservation of benefit to the detbor.

APPEAL from Jefferson Chancery Court.

Heard before Hon. A. H. BENNERS.

Bill by Sig. & Sol. Freiberg, partners, against Barbara and Victor Wertheimer, to set aside a conveyance as a fraud on creditors. From a decree granting relief, respondents appeal. Reversed and rendered.

The case made by the bill is that on the 14th day of October, 1907, Victor Wertheimer conveyed to his mother, Barbara Wertheimer, certain lots in the city of Birmingham, therein described; that Victor Werthei-mer was indebted to plaintiff by account on the 1st day of January, 1907, in the sum of $603.23; that complainants filed suit against him in the city court of Birmingham on the 9th day of March, 1910, and on the 13th day of June, 1910, recovered judgment against him in the sum of $726; and that no part of said judgment has ever been paid. It is then alleged that the deed from Victor Wertheimer to his mother was without consideration, and that it was voluntary and executed for the purpose of hindering, delaying, and defrauding orators, his creditors. It is further alleged that Wertheimer was insolvent, and without property, save that

disposed of, that he was largely in debt, and that these facts were known to his mother when she received his conveyance. Victor Wertheimer and Barbara Wertheimer answered the bill, denying his insolvency, setting up the fact that he was justly indebted to his mother in the sum of $1,600, and that he was owing on said lots $900 due in December, 1906, and $900 due in December, 1907; that when the first payment became due he borrowed said $900 to meet it from his mother, and that she assumed payment of the other $900, which sums, taken together, were a fair and adequate price for the lands sold; and that said sums made up the purchase price of the lands. Barbara Wertheimer also filed answer, denying her knowledge of any insolvency, and setting up the same state of facts as to the consideration for the deed as that set up by her son. The only testimony on which the case was submitted was that of Barbara and Victor Wertheimer, each of whom testified in accordance with the facts set out above in their answer. Victor also testified as to the correctness of the account and the judgment.

F. E. BLACKBURN, and MORRIS LOVEMAN, for appellant. Counsel discuss the averments of fraud in the bill and cite authorities to show that such averments were insufficient. The evidence fails to show a case for relief, but shows instead a bona fide debt, and a conveyance of real estate in payment thereof, and that the debt was an adequate consideration for the property conveyed.—*Halsey v. Condon,* 111 Ala. 221; *Goetter v. Norman,* 107 Ala. 585; *Harrel v. Mitchell,* 61 Ala. 270; *Martin, et al. v. McDaniel & Son,* 53 South. 791.

W. H. SMITH, for appellee. The finding of the court is fully justified by the law and the evidence.—*Teague*

[Elliott, et al. v. Kyle.]

*v. Bass,* 31 South. 4; *Wimberly v. Montgomery Fert. Co.,* 31 South. 526; *Watts v. Burgess,* 30 South. 868; *Silvey & Co. v. Vernon,* 153 Ala. 570.

ANDERSON, J.—While the grantor, Victor Wertheimer, may have been in failing circumstances, yet if he owed his mother a bona fide debt, and conveyed the lot to her in payment of said debt, it being an adequate consideration, and he reserved unto himself no benefits, the conveyance cannot be set aside at the instance of other creditors.—*Goetter v. Norman,* 107 Ala. 585, 19 South. 56; *Halsey v. Condon,* 111 Ala. 221, 20 South. 445. The respondents' undisputed evidence brings this case directly under the protection of the rules as laid down in the authorities cited, and the decree of the chancellor must be reversed, and one is here rendered dismissing the bill of complaint.

Reversed and rendered. All the Justices concur, except DOWDELL, C. J., not sitting.